MARTHA E. KIRKPATRICK et al. v. METRO-POLITAN STREET RAILWAY COMPANY, Appellant.

Division One, April 1, 1908.

1. **NAME: Misspelled by Stenographer: Evidence.** Plaintiff offered in evidence defendant's answer in a suit brought in another court against the same defendant by W. B. Reaburn, who was the conductor in charge of the car at the time of the accident out of which both suits grew. In this suit one of defendant's witnesses testified that W. B. Rayborn was the conductor in charge of the car, and another that Rayborn was, and there was no pretense when the answer was offered in evidence that the plaintiff's name therein was not the conductor who had charge of the car. *Held*, that the fact that the stenographer in transcribing the testimony spelled the name Rayborn instead of Reaburn did not of itself show that Rayborn was the conductor and that Reaburn was not, nor render the answer incompetent as evidence, but the testimony was sufficient to show, in both suits, that Reaburn was the conductor in charge of the car.

2. **EVIDENCE: Petition and Answer in Another Suit: Competency.** The conductor in charge of the car which was derailed brought a suit in another court against the defendant in this, and the defendant filed an answer in that in which it charged that the conductor was running the car at a dangerous rate of speed, in violation of the company's rules, and in this suit the plaintiff, who was injured in the same accident, introduced in evidence both the petition and answer in that. *Held*, that the petition was competent, not for the purpose of proving the truthfulness of the facts therein stated, but for the purpose of making the answer intelligible, and to explain the scope and meaning of the charges regarding the derailment and the causes thereof set up by defendant in its answer in that suit; but the instructions, in such case, should tell the jury that nothing stated in said petition is any proof whatever of the truth of the facts therein stated.

3. ——: ——: ——: Instruction. The instruction told the jury that the petition in the other case "is to be considered by you only as far as its allegations explain the allegations contained in defendant's answer to said petition" in that suit. Held, that the instruction might have been more specific, but is not reversible error.

4. ——: ——: In Another Court and State. An answer filed by defendant, in regard to the accident in suit, containing certain written admissions against the interests of the defendant, is competent evidence, although it was filed in another court and in another State. The law presumes the written admissions contained therein to be true, because against defendant's interest.

5. ——: ——: ——: Written Admissions: Place and Manner. The place and manner of making written admissions against interest have nothing to do with their admissibility as evidence, but they often do affect the weight to be given to them, and when they are contained in a formal answer filed in a court of justice they are entitled to great weight.

6. ——: ——: Competent for One Purpose: Instruction for Another. The fact that the court stated that pleadings in another case growing out of the same accident were competent "to fix the date of the accident" in no manner restricted the power of the court to instruct the jury that they were also admissible as admissions, if they were admissions.

7. ——: Photographs. Photographs showing the condition of the trestle, track and derailed car at the point of the accident, taken soon after it occurred, and shown to be correct representations of the conditions as they existed, are competent evidence.

8. NEGLIGENCE: Specific Acts: Proof of Others: Roadbed: Instructions. Whenever the petition alleges specific acts of negligence which caused the injury to the passenger he cannot prove other acts which caused or contributed to the injury. Where the petition specifically alleges "that the ties upon which said track was laid were old and rotten, that the rails were not properly connected together at the joints, so that said rails did not meet at the joints and form a continuous rail, also said track was rough and uneven," that said car was going at a high rate of speed, and that "owing to said defects in said track said car left said track," and in consequence plaintiff was injured, it is error to give instructions which tell the jury that it was defendant's duty to use such care, diligence and foresight as capable railroad men, etc., would take "to keep its track and roadbed in a reasonably safe condition for running cars over

it," since said instructions submit to the jury an issue not contained in the petition, namely, the condition of the roadbed where the accident occurred.

9. ———: **General and Specific: Allegation and Proof.** Where the plaintiff was a passenger and the defendant a common carrier, it is unnecessary to charge specific acts of negligence. If the petition charges negligence in general terms, then proof that defendant was a common carrier, that plaintiff was a passenger, that the car was derailed and in consequence she was injured, makes out a prima-facie case, since the law in such cases presumes that the injury was the result of the carrier's negligence and casts on him the burden of proving he was not negligent. But where the petition alleges specific acts of negligence, the plaintiff is presumed to have knowledge of those acts, and must prove them and them alone, and a failure to prove them, or the giving of an instruction which authorizes the jury to find defendant guilty of other acts not charged, is error.

10. ———: ———: **Burden: Instruction.** Where the passenger charges specific acts of negligence, an instruction which imposes upon the defendant the burden of proving it was not guilty of these acts, is error.

11. ———: **Passenger: Degree of Care.** An instruction for the plaintiff passenger which tells the jury that it was the street railway company's duty to use the utmost care, diligence and foresight which capable and faithful railroad men would use under like circumstances, correctly declares the degree of care which the law imposes upon a common carrier.

12. ———: ———: ———. Instructions asked by defendant and set out in the statement were properly refused, since the law imposes a higher degree of care upon a common carrier than that stated in them.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

REVERSED AND REMANDED.

*John H. Lucas, Ben T. Hardin* and *Ben F. White* for appellant.

(1) The court erred in the admission in evidence, on the part of plaintiff, of the petition, answer and amended answer of W. B. Reaburn v. this defendant and J. M. Capps: (a) There was no proof that the

plaintiff in the Reaburn case was the conductor on the car which was derailed, and in which respondent was a passenger. (b) The petition in the Reaburn case could not possibly have been competent for any purpose, since it in no way bound the defendant. (c) The answer and amended answer were incompetent for the reason that they were not only filed in another case, but even in another court, and, in fact, in another State. (d) Although the court permitted these pleadings in evidence for a single purpose, to fix the date of the accident, their use by the jury was not confined to any such purpose in the instructions, but, on the contrary, were used as an admission of a damaging fact, and even that fact was assumed in the instruction. (2) The court erred in giving instructions 1 and 2 for the plaintiff. They both introduced an issue not made by the petition, to-wit: the condition of the road-bed. Having alleged exactly what caused the derailment plaintiff is bound by that allegation, and cannot enlarge upon it in the instructions, nor shift the burden of proof to the defendant. Roscoe v. Railroad, 202 Mo. 576; Orcutt v. Century Building Co., 201 Mo. 424; McGrath v. Railroad, 197 Mo. 97; Hamilton v. Railroad, 114 Mo. App. 509; Gayle v. Mo. Car & Foundry Co., 177 Mo. 450; Heinzle v. Railroad, 182 Mo. 528; McClure v. Feldman, 184 Mo. 710. (3) The court erred in refusing to give defendant's instructions numbered 7, 8, 9 and 13. The refusal, especially of number 13, and the giving of plaintiff's number 1, on the degree of care required of defendant, shows that the trial court held the defendant to a higher degree of care than that imposed by the law of Missouri—"the utmost care and diligence." Dougherty v. Railroad, 97 Mo. 667; Schepers v. Railroad, 126 Mo. 671.

*L. A. Laughlin* for respondents.

(1)   Without the petition being in evidence, the answers of defendant would be wholly meaningless. The time and place of the accident, in fact, all the information necessary to show that the answers related to a suit similar to the one on trial, were contained in the petition.   With the cautionary instruction, defendant could not possibly have been prejudiced by the reading of the petition in evidence.   (2) The admissions of the defendant made in a solemn manner in another judicial proceeding are competent evidence against it.   Dowzelot v. Rawling, 58 Mo. 75; Anderson v. McPike, 86 Mo. 293; Sanford v. Railroad, 40 Mo. App. 15; Bowman v. Globe S. H. Co., 80 Mo. App. 628.   The court admitted the answers in evidence because they contained admissions against the interest of the defendant.   If they did not contain such admissions, they would not have been admitted, as that is the only theory upon which the court could have acted.   It was proper for the court to assume that such admissions were in the answers.   The court did not say that the pleadings were admitted for a single purpose to fix the date of the accident.   The court said that the petition was admitted only for the purpose of identifying the time of the accident.   (3) Defendant criticises plaintiff's instructions numbers 1 and 2 because they use the word "roadbed," and says no such word is used in the petition.   While that is true, yet the defects alleged certainly pertained to the roadbed.   But there can be no question that instruction 2 confined the attention of the jury to the exact defects pleaded in the petition.   After specifying the defects as pleaded, it uses the language "a reasonably safe track and roadbed, in the particulars above set forth."   If the "particulars above set forth" did not pertain to the roadbed as defendant claims, certainly no harm was done.   The criticism that the

burden of proof is placed on the defendant to show that the derailment was not due to its negligence in providing a reasonably safe track and roadbed in the particulars specified, is without merit.    Carriers of passengers are not insurers of their safety and are not responsible where all reasonable care, skill, diligence, prudence and foresight have been employed. Sawyer v. Railroad, 37 Mo. 240.    The instruction tells the jury, in effect, that though they may find that certain defects existed in the track and roadbed and that the car was derailed because of them, yet if the defendant could prove to the satisfaction of the jury that the derailment was not caused by any neglect on its part in providing and maintaining a reasonably safe track and roadbed, plaintiff could not recover. This is a correct statement of the law.    If this was omitted from the instruction, it would be erroneous, as it would make the defendant liable as an insurer. The instruction simply tells the jury the means the defendant may employ to excuse itself and directs what evidence the jury may consider in determining whether the defendant was without fault.    Such an instruction is proper.    Feary v. Railroad, 162 Mo. 99.

WOODSON, J.—This suit was begun in the circuit court of Jackson county by the respondent against the appellant to recover the sum of $5,000 damages, as compensation for injuries sustained by her through the alleged negligence of the latter.

The appellant was a common carrier, and respondent was a passenger upon one of its cars at the time the injuries were received.

Plaintiff pleaded specific acts of negligence, and the allegation is as follows:

"(2).    That at a point just east of the intersection of Haskell Avenue with Sherman street, said railway is elevated upon a high trestle; that for a long

time prior to said date the track west of said Sherman street and across said Sherman street was in a dangerous and defective condition in this: that the ties upon which said track was laid were old and rotten, that the rails were not properly connected together at the joints, so that said rails did not meet at the joints and form a continuous rail, also said track was rough and uneven.   That on said date said car in which plaintiff was riding was going at a high rate of speed across said Sherman street and towards said trestle, when, owing to said defects in said track, said car left said track near the west side of said Sherman street and ran along the ties and onto said trestle for some distance, and then fell off said trestle to the ground below, a distance of about twelve feet.''

The answer was a general denial.

The facts disclosed by the record are substantially as follows:

The defendant, Metropolitan Street Railway Company, owns and operates what is known as the West Side Line in Kansas City, Kansas.   This line runs along Haskell avenue, which is a highway running east and west.   Sherman street crosses Haskell avenue at right angles and, just east of the intersection, the street railroad runs on a trestle twenty or twenty-five feet high for a considerable distance.   The trestle begins within twenty-five feet of the east line of Sherman street, and going west from Sherman street the street railway tracks are on an ascending grade for half a block.

Plaintiff lived with her husband at Third and Garfield streets, in Kansas City, Kansas.   On the morning of January 8, 1904, plaintiff left her home and went to visit a married son who lived at No. 2726 North Eighth street, near the end of the West Side Line. She remained there until about five o'clock in the afternoon, when she started for her home.   She took a

car on the West Side Line.    There were two or three
passengers on the car and W. B. Reaburn was the
conductor and Mike Gallivan was the motorman.    As
the car was approaching Sherman street it was run-
ning fast down grade, and as it reached a point about
forty feet from the trestle the car jumped the track
at a joint in the rails and ran along the ties onto the
trestle.    At a point where the trestle was about twelve
feet above the ground below, the car fell off the tres-
tle to the ground, striking on its side.

Mrs. Kirkpatrick was    severely    injured.    Her
skull was fractured; her shoulder was broken, caus-
ing a permanent disability, and obliging her to keep
her arm in a harness ever since; her coccyx bone was
also broken and she was confined to her home for
months.

There was abundant testimony given by plaintiff's
witnesses that the print of the wheels in the ground
showed that the car left the track at a joint where the
end of the east rail was an inch and a half lower than
the end of the west rail.    The track was laid on con-
crete pillars sunk into the ground.    There were iron
tie rods as well as wooden tie braces extending from
one rail to the other.

The conductor, W. B. Reaburn, brought a suit for
his injuries against defendant in the district court of
Wyandotte county, Kansas.    In that suit defendant
filed an answer setting up that defendant's division
superintendent, A. C. Bullock, for some months prior
to the accident had forbidden any car to run at a rate
of speed exceeding five miles an hour; that the car
was running ten miles an hour and that it was danger-
ous to run a car at so high a rate of speed as ten miles
an hour at the place where the accident occurred.    The
pleadings in the Reaburn case were offered in evi-
dence.    The admission of this evidence is assigned by
defendant as error.

At the request of respondent, and over the objections of the appellant, the court gave, among others, the following instructions; and to the action of the court in giving them the appellant duly saved its exceptions, to-wit:

"1.   The court instructs the jury that it was the duty of defendant to use the utmost care, diligence and foresight, which capable and faithful railroad men would take, under like circumstances, to keep its track and roadbed in a reasonably safe condition for the running of cars over it.

"2.   The court instructs the jury that if you believe from the evidence that, while plaintiff, Martha E. Kirkpatrick, was a passenger in a car running on defendant's railway, said car was derailed, owing to the fact that the rails were not properly connected together at the joints, so that said rails did not meet at the joints and form a continuous rail, and also said track was rough and uneven, and that said car while derailed ran off from a trestle and injured said plaintiff, then it devolves upon the defendant to prove to the satisfaction of the jury that such derailment of said car was not caused by any fault, negligence or carelessness on its part in providing and maintaining a reasonably safe track and roadbed, in the particulars above set forth, over which to run the same, and unless it is so shown, your verdict should be for the plaintiff.

"5.   The court instructs the jury that the petition offered in evidence in the case of W. B. Reaburn, plaintiff, against the Metropolitan Street Railway Company, defendant, in the district court of Wyandotte county, Kansas, is to be considered by you only so far as its allegations explain the allegations contained in the answers to said petition offered in evidence.   Any allegations contained in said petition as to the speed of the car or the condition of the track

at the time and place of the accident are not to be regarded by you as evidence of those facts. With regard to the answers to said petition offered in evidence, you are instructed that any allegations contained in said answers as to the speed of the car at the time and place of the accident and against the interest of the defendant in this case are to be taken in connection with all the other evidence in the case; you may treat them as true or false, just as you believe them to be true or false, when considered with a view to all the other facts and circumstances in the case.''

At the request of the appellant, the court gave certain instructions, and refused the following, to which action of the court in so refusing appellant duly saved its exceptions, to-wit:

"7. A carrier of passengers is not obliged to foresee and provide against casualties which have not been known to occur before, and which may not reasonably be expected; and if such carrier has availed himself of the best known and most extensively used safeguards against danger, he has done all the law requires, and his liability is not to be ascertained by what appears for the first time after the disaster to be a proper precaution against its occurrence. And where an appliance or structure, not obviously defective or insufficient, has been in daily use for years, and has uniformly proved adequate, safe and sufficient, it may be continued without imputation of negligence.

"8. The duty imposed upon the defendant did not require it to use every possible means and precaution to prevent an accident or avoid an injury to its passengers, nor any particular means which it may appear after the accident would have prevented or avoided it; the defendant, its agents, servants and employees, in the management and operation of defendant's cars, were, by the law, required to exercise only

such care and prudence as was reasonably practicable; and no liability can attach to the defendant in this case, if such care was used by it, and by the exercise of such care the accident complained of could not have been foreseen or reasonably anticipated or expected. If the plaintiff received her injuries as the result of an accident, which reasonably careful and prudent men in the same situation as defendant's servants were at the time, and exercising such care as was reasonably practicable, could not have foreseen nor reasonably anticipated, then the plaintiff cannot recover, and your verdict must be for the defendant.

"9.    When something unusual occurs, but such unusual occurrence is not the result of an unusual act of the defendant, and the defendant has, so far as he is concerned, been pursuing his usual course, which has heretofore been done in safety, then the unusual occurrence is what is called an accident.    If plaintiff received her injuries as the result of some occurrence which careful and prudent men, in the situation of defendant's agents, would not reasonably have anticipated or expected, then such occurrence is what, in law, is termed an accident, and the defendant is not liable for the resulting injury to the plaintiff.

"13.    You are further instructed that the defendant company was not an insurer of the safety of the plaintiff, nor was it required to exercise any degree of care or foresight that was not reasonably practicable. Therefore, you are instructed that the mere fact that an accident occurred and plaintiff was injured, if you believe she was, does not of itself entitle plaintiff to recover in this case; and if you believe from the evidence that defendant's servants exercised all the care and prudence that were reasonably practicable under all the circumstances, and that the accident happened without negligence on their part, then the plaintiff

cannot recover under any circumstances in this case, and your verdict must be for the defendant.''

The jury found the issues for the plaintiff, and assessed her damages at the sum of $5,000, and in due time and in proper manner the appellant appealed the cause to this court.

I. The first assignment of error presented by appellant for our consideration was the action of the court in admitting in evidence, on the part of the respondent, the petition and amended answer in the case of W. B. Reaburn v. the appellant, the Metropolitan Street Railway Company, which was pending in the district court of Wyandotte county, Kansas, wherein Reaburn, the conductor in charge of the car on which this respondent was injured, had sued the company for injuries received in this same accident. The action of the court in that regard is assailed for several reasons:

(a). That there was no testimony introduced which showed Reaburn, the plaintiff in that case, was the conductor in charge of the car in which respondent was a passenger, and on which she was injured.

Counsel for appellant is mistaken as to the fact in that regard. He has overlooked the following evidence:

Mr. M. J. Rooney, one of defendant's witnesses, who was a motorman riding in the car on which the injury occurred, testified as follows:

"Q. What was the name of the conductor there on that train? A. I think it was Mr. Rayborn.

"Q. W. B. Rayborn? A. Yes, sir; I think so.''

And Mr. W. H. Patterson, another one of defendant's witnesses, testified as follows:

"Q. What was the name of the conductor of the car that went off the track? A. Rayborn, I believe was his name.''

While it is true the stenographer in transcribing

the testimony spelled the name "Rayborn" instead of Reaburn, yet there was no pretense made at the trial when the answer was offered in evidence that the plaintiff named therein was not the conductor who had charge of the car at the time the accident occurred, and that he was the person mentioned in the oral testimony.

(b). It is next contended by the appellant that the *petition* in the Reaburn case could not possibly have been competent for *any* purpose, since it in no way bound the defendant.

The learned counsel for appellant seems to misconceive the purpose the respondent had in view by offering the petition in that case as evidence in the case at bar. Her purpose was not to prove the truthfulness of the facts stated in the petition; but the purpose was to prove that defendant made certain written statements in its answer regarding the derailment of the car and the cause thereof which resulted in her injuries. The answer of the company set up certain facts as a defense to the cause of action stated in Reaburn's petition; among others, that Reaburn was negligently running said car at a rate of speed in excess of ten miles an hour, which was dangerous and in violation of orders given him by the superintendent of the company; and, in order to make the answer intelligible, it was necessary for the court and jury to know and understand the nature of the charges made in the petition. That knowledge could best be obtained by reading the petition itself, which contained the charges; and then, when, in the light of those charges, the answer is read, the matters to which it refers are pointed out, and the allegations of the answer are thereby made intelligible, which, if read alone, would be meaningless or misleading to the jury. The petition was admissible for the purposes mentioned; but the object or purpose of the evidence should have been specifically

limited by an instruction to that purpose only.   [Stanard Milling Co. v. Railroad, 122 Mo. 277.]

The court by instruction No. 5, given for respondent, attempted to so limit the effect of the petition to the objects stated by the use of the following language:   That the petition in the Reaburn case "is to be considered by you only as far as its allegations explain the allegations contained in the answer to said petition offered in evidence."

The limitation of that evidence might have been more specific and less liable to mislead the jury had the court added to that instruction, that nothing stated in the petition was any evidence whatever of the truth of any of the facts stated therein, and that the jury should not consider it as evidence tending to prove any such fact therein stated.   But, however that may be, we are not prepared to say the instruction was reversible error, given in the form above quoted.

(c).   The appellant also insists that the petition and answer in the Reaburn case should have been excluded as evidence in this case, for the reason that they were not only filed in another case, but even in another court, and, in fact, in another State.

This contention of appellant is unsound, for the reason the answer was admitted in evidence because it contained certain written admissions against the interest of the company, regarding this same accident, which the law presumes to be true because they are against its interest.   [Dowzelot v. Rawlings, 58 Mo. 75; Anderson v. McPike, 86 Mo. 293.]

The place and manner of making the admission have nothing to do with the question of its admissibility.   The place and manner of making the admission often does and should affect the weight to be given thereto, as is shown by what is known in the

books as judicial and extra-judicial confessions and admissions. The former having been made in solemn form, in a court of justice constituting the foundation, or a part of the procedure, in causes pending, in which the rights of the parties are stated, and by which the courts are called upon to pass judgment, and upon which they must solemnly decree the rights of the parties, are for those reasons entitled to greater consideration and weight than when casually or incautiously made, at a time and place, and under circumstances not calculated or intended to affect the rights or interests of others, and, perhaps, unmindful of all the facts and circumstances of the case. But these are matters for the jury and not for the court to consider.

(d). The fact that the court stated in its ruling that the pleadings in the Reaburn case were admissible for the purpose "to fix the date of the accident" in no manner restricted the power or duty of the court to instruct the jury that they were also admissible as admissions, if they were admissions, of any other fact or facts involved in the issues presented by the pleadings.

II. The respondent introduced in evidence certain photographs, showing the condition of the trestle, track and car in question, taken shortly after the accident occurred, which the evidence showed were correct representations of the conditions as they then existed. The appellant objected to the introduction of those photographs.

There is no merit in this objection. In discussing the right to use photographs as evidence in a cause, Judge VALLIANT said: "These photographs testify to us how the sidewalk appeared at the time they were taken, the plaintiff testified that it appeared at the time of the accident as it appears in the photographs, but the photographs are silent on that point, and serve

in that connection only as illustrations of the witness's testimony. They are of the same character, of evidence as diagrams and pictures drawn by hand; not necessarily carrying the same degree of probative force, but still of the same character; not in themselves evidence at all, but representing to the eye what the witness declares was the real appearance of the thing at the time he saw it." [Baustian v. Young, 152 Mo. l. c. 323; Edge v. Railroad, 206 Mo. 471.]

III. It is next insisted by the appellant that the court erred in giving instructions one and two for the respondent, for the reason stated, that both of them introduced and submitted to the jury an issue not stated in the petition, to-wit, the condition of the roadbed where the accident occurred.

The petition alleged specifically "that the ties upon which said track was laid were old and rotten, that the rails were not properly connected together at the joints, so that said rails did not meet at the joints and form a continuous rail, also said track was rough and uneven," and that said car was going at a high rate of speed, and that "owing to said defects in said track said car left said track," etc., and in consequence thereof she was injured. It is thus seen that no complaint is made in the petition against the condition of the *roadbed*, while both of said instructions tell the jury that it was the duty of the appellant to use the utmost care, diligence and foresight which capable and faithful railroad men would take under like circumstances to keep its track and roadbed in a reasonably safe condition for the running of cars over it.

The law is well settled, at least in this State, that whenever the petition alleges specific acts of negligence which caused the injury to the passenger, then he has no right to prove other acts of negligence which caused or contributed to the injury. That question

has many times been before this court, and some of the most recent cases have announced the rule as above stated. [Roscoe v. Railroad, 202 Mo. 576; Orcutt v. Century Bldg. Co., 201 Mo. 424; McGrath v. Railroad, 197 Mo. 97; Gayle v. Mo. Car & Foundry Co., 177 Mo. l. c. 450.]

Counsel for respondent does not controvert the rule as above stated but seeks to escape the effect thereof by contending that the petition would have been good had it charged negligence only in general terms, and having gone further and unnecessarily charged specific acts of negligence, that those acts may be treated as surplusage, and a recovery had by simply proving that the defendant was a common carrier, that plaintiff was a passenger on one of its cars, that the car was derailed, and that in consequence of the derailment she was injured. If the petition had charged negligence in general terms, then unquestionably proof of the facts above mentioned would have made out a prima-facie case for plaintiff; but since the petition alleges the specific acts of negligence which caused the injury, the law will not permit her to treat that allegation as surplusage. The reason for that difference is this: That where a passenger is injured by the carrier while being carried, the law presumes the injury was the result of the carrier's negligence, and casts upon him the burden of proving he was not negligent. This is done for the reason that the cars and other means of transportation are under his care and control, and thereby having peculiar knowledge of their movements and operations, he is presumed to know what was the cause of the injury complained of; while, upon the other hand, the passenger has no such care, control or knowledge of the operation of the cars and other means of transportation, and for those correlative reasons the law presumes the injury was caused by acts not known to

the passenger, and for that reason it would be diffi-
cult, if not impossible, for him to prove the cause,
and, for these additional reasons, the law presumes
the cause was the result of the negligence of the car-
rier, and that presumption will warrant a finding for
plaintiff without the defendant establishes the fact
that the injury was due to some cause for which he was
not liable.    But, if, upon the other hand, the plaintiff
has knowledge of the facts which caused his injury
and states those facts in his petition as the facts con-
stituting his cause of action, then there is no necessity
for calling into requisition the rule which indulges in
the presumption that the carrier possesses knowledge
of the facts which caused the injury, and that the pas-
senger has no such knowledge; and whenever the rea-
son for the rule ceases to exist, then the rule itself
becomes inoperative.    [Klebe v. Parker Distilling Co.,
207 Mo. 480.]

And the respondent having alleged the specific
acts of negligence which caused her injury, she must
either prove the injury was caused as alleged or go
out of court.    [Beave v. Railroad, 212 Mo. 331.]

In the case last cited, this same question was fully
discussed, and the reason for the rule was fully con-
sidered, and it would serve no useful purpose to pro-
long this discussion of that question.

Counsel for respondent also attempts to escape
the effects of the rules above mentioned by contend-
ing that the evils pointed out are cured by instruction
two, given at his instance, which tells the jury that
even though they might find that certain defects ex-
isted in the track and *roadbed*, and that the car was
derailed on that account, and that in consequence there-
of plaintiff was injured, yet if the defendant could
prove to the satisfaction of the jury that the derail-
ment was not caused by any neglect on its part in pro-

viding and maintaining reasonably safe track and *roadbed*, plaintiff could not recover.

This contention of respondent is equally untenable, for two reasons: first, because it is but a restatement in another form of the proposition previously disposed of, for the reason that said instruction also ignores the rule of evidence which requires the specific acts of negligence pleaded to be proven as alleged, and none other; and, second, because this instruction casts the burden of proof upon the defendant to prove it was not guilty of negligence as charged in the petition.    This is clearly error, for the reason that the burden of proving negligence rests upon the party who alleges it, with the sole exception that where the passenger is injured by the carrier while being carried he may sue for those injuries and allege general negligence, and recovery may be had by proving he was a passenger and that he was injured by the carrier while being carried without offering any testimony tending to prove negligence.    But, as before stated, if the pleader does not follow the rule of pleading last stated, but alleges the specific acts which constitute the negligence complained of, then the burden of proof rests upon the plaintiff to prove the negligence as charged, notwithstanding the fact he was a passenger and was injured while being carried.

In the case at bar, the plaintiff having stated the specific acts of negligence which caused her injury, the burden of proving those specific acts rested upon her, and instruction two given in her behalf erroneously imposed that burden upon the appellant.  [Klebe v. Parker Distilling Co., supra; Beave v. Railroad, supra.]

IV.    Appellant complains of the action of the court in giving instruction number 1 for respondent. It told the jury the degree of care the appellant owed the respondent, which appellant contends is greater

than the law imposes upon it.  The instruction in effect told the jury that it was the defendant's duty to use the utmost care, diligence and foresight which capable and faithful railroad men would use under like circumstances.

The instruction properly told the jury the degree of care appellant owed to the respondent.  The law declared therein has been many times announced by this court, as will be seen by consulting the following cases:  Lemon v. Chanslor, 68 Mo. 1. c. 356; Jackson v. Railroad, 118 Mo. 1. c. 224; Smith v. Railroad, 108 Mo. 1. c. 249; Clark v. Railroad, 127 Mo. 1. c. 208; Devoy v. Railroad, 192 Mo. 1. c. 209; Fullerton v. Railroad, 84 Mo. App. 1. c. 502.

V.  It is finally contended that the court erred in refusing instructions numbered 7, 8, 9, and 13 asked by it.  These instructions are intended as counterparts of instruction number one given for respondent, which we have considered in paragraph four of this opinion.  These instructions place a less degree of care upon the appellant than that required by said instruction given for the respondent.  The law imposes a higher degree of care upon a carrier than that stated in these instructions, and they were for that reason properly refused.

Appellant presents some other minor points for our consideration, but, after a careful consideration, we are of the opinion that they are devoid of merit.

Because of the errors pointed out in paragraph three of this opinion, the judgment is reversed and the cause remanded.

All concur.