CATHERINE JONES RODGERS, Appellant, v. EDWIN SCHIELE et al., Respondents.

**St. Louis Court of Appeals, April 19, 1910.**

1. **MASTER AND SERVANT: Injury to Servant: Fellow-Servant.** Where a foreman regularly assisted in cleaning brass plates, and it was part of his duties to do so, his act in letting a brass plate fall, whereby an employee who was assisting him in the work was injured, was the act of a fellow-servant for which the master was not liable.

2. ———: ———: ———: **Evidence Held Insufficient to Show Act was in Performance of Duties as Foreman.** In an action for injuries to an employee, caused by the act of a foreman in letting a brass plate fall, evidence *held* insufficient to show that at the moment he let the plate fall he was exercising the duties of a foreman in directing employees some distance away.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*John J. O'Connor* for appellant.

(1) The dual capacity doctrine, as applied in this State,. means this: When a servant and his master's vice-principal undertakes to do some work or act, in the master's service, that belongs to the duty of the servant, as to the doing thereof, the servant and vice-principal are fellow-servants, and if while doing such work or act the servant is injured through the negligence of the vice-principal, the master will not be liable to the servant for such injury. Provided, that the work is being done in a reasonably safe manner, and the servant has not been exposed by the vice-principal to unnecessary danger. And that the vice-principal has not by the negligent act which caused the injury rendered the servant's place of work more dan-

gerous than it would have been had his negligent act not intervened. Bien v. Transit Co., 108 Mo. App. 399; Shore v. Bridge Co., 111 Mo. App. 278; Donnelly v. Mining Co., 103 Mo. App. 351; Bokamp v. Railroad, 123 Mo. App. 282; Houston v. Railroad, 50 Mo. App. 300; Hayworth v. Railroad, 94 Mo. App. 215; Strode v. Conkey, 105 Mo. App. 15; Hollweg v. Telephone Co., 195 Mo. 195; Donahue v. Kansas City, 130 Mo. 670; Fogarty v. Transfer Co., 180 Mo. 490; Foster v. Reynolds, 115 Mo. 165; Dayharsh v. Railroad, 103 Mo. 575; Miller v. Railroad, 109 Mo. 357; Bane v. Irwin, 172 Mo. 306; Russ v. Railroad, 112 Mo. 538. (2) Where the evidence leaves a doubt as to whether the foreman's negligence, which caused the injury, occurred while he was discharging a duty incident to his office of vice-principal, or while in the performance of a manual act incident to the duty of a servant, the cases should go to the jury under proper instructions. Fogarty v. Transfer Co., 180 Mo. 490; Bein v. Transit Co., 108 Mo. App. 399; McIntyre v. Tebbetts, S. R. vol. 120, p. 621, No. 2; Depuy v. Railroad, 110 Mo. App. 101. (3) The evidence clearly shows that the foreman was at the instant of dropping the plate that caused the injury, shaking it in his hand and using it as a means of conveying a command to other girls, employees, who were at the other end of the store, neglecting their duties, to proceed with their work. And as to that act he was a vice-principal, even though in putting the plates in the filter he acted as a fellow-servant. Hence, the "Dual Capacity Doctrine" does not apply to the facts of this case. See cases cited under point 2; Burkard v. Rope Co., 217 Mo. 482.

*Seddon & Holland* for respondents.

The court did not err in giving a peremptory instruction at the close of plaintiff's case: (a) Because the petition does not state a cause of action. (b) Be-

cause, under the testimony in the case, plaintiff was not entitled to recover for the reason that the alleged negligent act on the part of employee, Deichman, was the act of a fellow-servant and not that of a vice-principal. McIntyre v. Tebbetts, 120 S. W. 621; English v. Shoe Co., 122 S. W. 747; Hawk v. Lumber Co., 166 Mo. 121; Stephens v. Lumber Co., 86 S. W. 481; Garland v. Railroad, 85 Mo. 581; Gaul v. Beckstein, 173 Ill. 183; Allen v. Goodwin, 92 Tenn. 385; Reed v. Stockmeyer, 74 Fed. 186; Hussey v. Coger, 112 N. Y. 614; Klochinsky v. Lumber Co., 93 Wis. 417; Gain v. Railroad, 101 Tenn. 380; Railroad v. Mauzy, 98 Va. 629; McElligott v. Randolph, 61 Conn. 157; Railroad v. Torry, 58 Ark. 277; Holtz v. Railroad, 69 Minn. 524; Lindvall v. Woods, 41 Minn. 217; Daves v. Railroad, 98 Cal. 19; Railroad v. Charless, 162 U. S. 360.

GOODE, J.—Defendants are partners engaged in the business of bottling and selling whiskey in St. Louis. Their business involves filtering the whiskey, and the filter used by them in their works stood on a platform six feet above the floor of a room where plaintiff worked. A part of the appliance was round brass plates about eight inches in diameter and weighing ten pounds. These were washed now and then and it was part of plaintiff's duty to assist in washing them, which she did during half of every week. Another employee who took part in this task occasionally was Ann Hagge. The washing was done in this way: Kries Deickman, the foreman, would stand on the platform, hand the disks or plates to plaintiff or Ann Hagge, who would wash and hand them back to Deickman and he would place them in the filter. Plaintiff was doing the washing on June 15, 1905, with the assistance of the foreman, and in the course of her task was seriously hurt. She handed a plate up to Deickman, whose attention was attracted at the instant by some girl employees sixty feet away in the room, who were laughing, chattering and gestic-

ulating to Deickman. Their behavior caused him to hesitate a moment before placing the disk in the filter; meanwhile he held it in his hand and shook it toward the girl and it dropped from his hand and struck plaintiff on the head. This action was filed for damages against defendants, the theory of recovery being they were responsible for Deickman's carelessness because he was foreman. The girls in the room were under Deickman's orders, he gave them directions and showed them what to do. But the testimony showed he helped regularly about the work and that it was part of his task to assist in washing the disks and he did so constantly. The court below directed a verdict for defendant at the close of the evidence for plaintiff, whereupon she took a nonsuit with leave to move to set aside and that motion having been made and overruled, an appeal was taken to this court. The theory of plaintiff's counsel is that Deickman, when the plate fell from his hand, was reproving the girls at the other end of the room for their gossip and idleness, and to emphasize an order he was giving them to attend to their business, shook his hand which held the plate, thereby loosening his hold on it so it fell. On this theory it is argued he was exercising the authority of a vice-principal and representative of the defendants at the time and not acting as a fellow-servant of plaintiff. But there is no evidence he was ordering or reproving the girls. On the contrary, Ann Hagge, who is the only witness as to his behavior, testified he was holding the disk in his hand and as he leaned over to look around a cask at the girls, it dropped. She said the girls were "laughing and cutting up and motioning to him" and his hand was shaking in a way she indicated. When asked what he was doing with his hand, she answered: "He was not doing anything with it except playing with it; his hand was shaking." The only fair inference to draw from the evidence is that Deickman was engaged at the moment in a by-play between him and the girls at the end of the room, and

had paused in his task to participate in it, letting the plate fall during some movement he was making in humorous response to their gestures. Because Deickman had a regular task as a co-employee with plaintiff and was engaged in the task at the time of the accident, we think plaintiff must be denied recovery. The law of the case is clear and it is sufficient to cite an opinion expounding it and reviewing all the apposite cases in this State. [English v. Shoe Co., 145 Mo. App. 439, 122 S. W. 747.]

The judgment is affirmed. All concur.