M. W. CRATON, Respondent, v. NOAH HUNTZINGER, Appellant.

Kansas City Court of Appeals, May 13, 1912.

1. **AUTOMOBILES: Duty to Render Assistance: Insurer: Safety: Instructions.** The statute (Secs. 8517 and 8518, R. S. 1909, repealed by Acts 1911, p. 322), directs the driver of an automobile to keep vigilant watch for vehicles and to stop when meeting a vehicle in the highway until it passes by and if the animals drawing the vehicle are frightened, to render "such personal assistance as would be reasonable to insure the safety of" persons in the vehicle. It was *held* that the statute did not impose the duty of insuring the safety of persons in the vehicle, but only to render such assistance as would reasonably lead to safety; and an instruction requiring such assistance as would insure the safety, is erroneous.

2. ———: ———: **Specific Negligence: Instructions.** Where a petition alleging negligence whereby personal injury results, specifies the negligence complained of, care should be taken in instructions to confine the issues submitted to the jury to those specified. If others are included, they are erroneous.

3. ———: ———: ———: ———. *Quaere*, as to the construction of sections 8517 and 8518, Revised Statutes 1909, concerning seeming distinction of duties where the automobile owner meets a vehicle and where he meets a person riding or driving or leading a horse.

Appeal from Carroll Circuit Court.—*Hon. Francis H. Trimble*, Judge.

REVERSED AND REMANDED.

*Lozier & Morris* and *F. E. Atwood* for appellant.

*James F. Graham* and *Jones & Conkling* for respondent.

ELLISON, J.—This action is for personal injuries received by plaintiff. He charges that they were occasioned by defendant's negligence in operating an automobile on the public highway. He recovered judgment in the trial court.

It was disclosed in evidence that defendant was a farmer living about fifteen miles northeast of Carrollton, and that on the 30th of September, 1910, he, his daughter, nephew and a farm hand, came into Carrollton in his automobile, operated by his nephew. They arrived there about ten o'clock in the morning and left for home about four o'clock in the afternoon, returning as they came, over a much traveled public road. Plaintiff was a practicing physician residing in Carrollton and that morning went by railway to the town of Bogard to see a patient. He hired a buggy and team with a driver, to be driven back home, and on the way back, about five miles out of Carrollton, met with defendant and his family, coming in the opposite direction, on their way home. When he came

into the view of defendant in the automobile, it was about three hundred feet away. The horses were displaying signs of fright and plaintiff raised his hand as a sign to stop the automobile. It kept coming on, notwithstanding the horses had begun to "jump and lunge" about trying to turn around. As the machine came closer, to within twenty or thirty feet of the buggy, it stopped, but the horses had become altogether unmanageable and turned suddenly around, mashing down the front wheel of the buggy and running away. Plaintiff was thrown out, receiving serious and permanent injury. Plaintiff's position is that after defendant saw his serious predicament he permitted the machine to run up to within twenty or thirty feet of the horses before stopping. The position of the defendant is that plaintiff's horses were vicious, wild and unruly, and that as soon as they saw the machine they suddenly whirled around and ran away, and that the machine was stopped near 250 feet off and as soon as possible after seeing the horses.

This cause of action arose before the provisions of the laws of 1911 were enacted, and it is therefore governed by the provisions of chapter 83, Revised Statutes 1909, wherein it is made the duty of drivers of automobiles on public streets and highways to keep a vigilant watch for all vehicles drawn by animals and to stop such machine when meeting with such vehicles until the latter may pass. And by provision of section 8518, drivers of automobiles, upon signal by "holding up the hand or otherwise from a person riding or driving a horse or horses or other draft animal on the highway, shall cause the motor vehicle to stop as long as may be necessary" for the horses to pass. And the male driver "and other male occupants thereof over the age of fifteen years, while passing any horse or horses, or other draft animals which appear badly frightened, or upon the request of the person in charge of such horse or horses or other draft an-

imal, to give such personal assistance as would be reasonable to insure the safety of all persons concerned and to prevent accidents."

Under the evidence, as applicable to the statute, the court gave instruction No. 8 for plaintiff, wherein it was declared that it was the duty of defendant to keep vigilant watch for vehicles, and that if plaintiff's team became frightened and defendant saw their condition or by vigilant watch could have seen it, it was his duty "to immediately stop his automobile and to render such personal assistance as would insure the safety of plaintiff; and if defendant or his motorman, failed so to do, then defendant is guilty of the negligence charged and your verdict must be for the plaintiff."

Defendant rightly claims highly prejudicial error in this instruction. It peremptorily requires that defendant should have rendered plaintiff such assistance as would absolutely keep him from injury. Plaintiff was injured; therefore, of course, defendant did not assist him as required by the instruction and a verdict is directed. The instruction cut out all defense and was nothing less than a peremptory instruction for plaintiff. It is not the law, and has never been announced to be, so far as we have learned, that an automobile owner is an insurer of the safety of those he meets in vehicles on the highway. The statute (sec. 8518) requires the automobile owner "to give such personal assistance as would be reasonable to insure the safety of all persons concerned and to prevent accidents." Effort reasonably directed to insure safety, is a far different proposition from an absoluute insurance of such safety, as directed in the instruction.

Objection is made to instructions one and four, in submitting negligence not declared on in the petition. We find the objection well taken. There is no allegation of negligence in not stopping upon signal,

163 App.—46

nor of failure to warn plaintiff so that he might have sought a place of safety. Where negligence is specified, as in the petition before us, the plaintiff will be confined to such specifications. In drawing instructions submitting issues to the jury for a finding upon which a judgment is to be founded, care should be taken not to submit questions of negligence which have not been charged in the petition as the basis of the recovery. [Orcutt v. Century Bldg. Co., 201 Mo. 424; Maynard v. Railroad, 155 Mo. App. 352; Lowenstein v. Ry. Co., 110 Mo. App. 686.]

We note that the two sections of the statute here involved (8517 and 8518) seem to contemplate different objects and different contingencies, and consequently to provide different duties to be performed by the automobile owner. The first of these sections provides for duties in meeting with vehicles drawn by animals, as in the present case. In such instance the motorman must keep vigilant watch and when approaching the vehicle must stop sufficient length of time for the vehicle to pass. But there is no provision in that section for assistance to be rendered by the motorman to the persons in the vehicle. The duty of assistance is set out in the last section (8518), which, seemingly, does not apply to vehicles drawn by animals as in the first section, but to horses being ridden or led or driven. If the last section does not contemplate the meeting of a vehicle, then it seems that the matter of assistance ought not to figure in vehicle cases. We make no decision on the point, and merely call attention to the condition of the statute. If either section stood alone it might easily be interpreted, but together they are difficult to understand. They, along with the entire chapter, have been repealed. [Session Acts 1911, p. 322.]

For the foregoing reasons, the judgment is reversed and the cause remanded. All concur.