REGINA GABRIEL, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, May 27, 1912.**

1. **NEGLIGENCE: Pleading: Specific Acts.** Where specific acts of negligence are alleged, the burden of proof is upon the pleader to show that the injury was caused by the negligence averred and the instructions must restrict the right to recover to the pleaded cause.

2. ———: **Degree of Care: Instructions.** Where the petition in a case of a passenger against a common carrier pleads specific acts of negligence, it is error to direct a verdict for plaintiff on the finding of the jury that the injury was caused by the negligent failure of the defendant to exercise the highest practicable degree of care for the safety of plaintiff.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED (*conditionally*).

*John H. Lucas* and *James E. Nugent* for appellant.

*W. B. Kelly* and *I. B. Kimbrell* for respondent.

JOHNSON, J.—This is an action by a passenger against a common carrier to recover damages for personal injuries alleged to have been caused by negligence of the carrier. A trial of the cause ended in a verdict and judgment for plaintiff in the sum of $1250, and defendant appealed.

Plaintiff, who was sixty-five years old, entered a car of defendant to become a passenger thereon while the car was standing at a regular stopping place for the reception and discharge of passengers. She alleges in her petition and her evidence tends to show that she was entering the car with reasonable dispatch and that it started forward suddenly and with a jerk while she was passing from the vestibule into the body of the car and before she had been given time to seat herself. The jerk threw her down and caused the injuries for which she asks damages. The evidence of defendant is to the effect that plaintiff's fall was caused by her own negligence and not by negligence of defendant in starting the car. It is not contended that the evidence of plaintiff was insufficient to carry the case to the jury but defendant insists there was prejudicial error in instructions numbered one, two and three, given at the request of plaintiff and that the verdict was excessive.

The petition alleges specific acts of negligence and in thus particularizing plaintiff assumed the burden of proving that her injury was caused by the negligence averred and it was necessary that her instructions on the issue of negligence should restrict her right to recover to the pleaded cause. [Orcutt v. Century Bldg.

Co., 201 Mo. 424; Hamilton v. Railway Company, 114 Mo. App. 504.]

The real ground of her complaint was not that defendant violated any duty it owed her in not holding the car stationary until she had been given a reasonable opportunity to seat herself, but that defendant, during her progress to a seat, started the car in such a violent manner as to throw her down. The law does not compel the operators of street cars to hold them at rest at stopping places until incoming passengers are seated or have reasonable opportunity to seat themselves, but it does require them if they start the cars to do so in a manner not to endanger the safety of passengers who are proceeding to seat themselves. The duty of a carrier towards its passengers calls for the exercise of the highest care in all situations and circumstances and it would not be even ordinary care to start the car so violently as to threaten the safety of a standing passenger. We find the first instruction which assumed to cover the whole case presented an hypothesis within the scope of plaintiff's pleaded and evidentiary cause. The views just expressed are a sufficient answer to the contention of defendant that the instructions should have required the jury to find "whether or not the car had remained stationary a reasonable length of time to permit plaintiff to reach a place of safety."

When defendant started the car it knew or should have known that plaintiff had not reached her seat and regardless of whether or not she had been allowed enough time to seat herself defendant had no right to jerk the car forward and throw her down.

The second instruction told the jury that the operators of the car "were in duty bound to exercise towards plaintiff the highest practical degree of care as would have been exercised by very prudent persons," etc. This instruction did not assume to cover the whole case and to direct a verdict and, therefore, does not

fall under the ban of the rule applied in the cases cited by defendant. [Detrich v. Railway, 143 Mo. App. 176; Roscoe v. Railway, 202 Mo. 576; Orcutt v. Building Co., 201 Mo. 424; McGrath v. Transit Co., 197 Mo. 97; Beave v. Transit Co., 212 Mo. 331; Conway v. Railway, 161 Mo. App. 81, 143 S. W. Rep. 516.]

The rule of those cases thus may be stated: Where the petition in a case of a passenger against a common carrier pleads specific acts of negligence it is error to direct a verdict for the plaintiff on the finding of the jury that the injury was caused by the negligent failure of the defendant to exercise the highest practicable degree of care for the safety of the plaintiff. The vice of such instruction lies in the submission of the general issue instead of the specific negligence pleaded and in so doing enlarging the scope of the petition. In the present case the instruction under consideration is free from that vice since it presents no hypothesis on which a verdict may be founded but is subject only to the criticism that it merely is declarative of an abstract rule of law. We do not think this error could have been prejudicial to defendant. As we have noted the first instruction covered the whole case and presented a true hypothesis; the jury were told what they must find in order to return a verdict for plaintiff; the second instruction did not purport to contradict or vary that direction and we fail to see how the jury could have been misled or confused by the mere statement of a true rule of law relating to the duty of a carrier to its passengers. [Bell v. Railroad, 125 Mo. App. 660; Wellman v. Railroad, 219 Mo. 126.] The following excerpt from the opinion of WOODSON, J., in the case last cited is in point:

"Counsel for appellant contends that instruction numbered three given by the court on behalf of respondent is erroneous, in that it is simply a statement of an abstract proposition of law and failed to tell the jury what facts were necessary to constitute the plain-

tiff a passenger. While it is not good practice to give instructions to the jury which are legal abstractions, yet it has not been suggested in what possible manner the giving of that instruction could have worked injury to appellant, nor have we been able to conceive any such. It was the duty of the jury to read all of the instructions given together, and when so read, and especially with instructions numbered one, given for respondent, it cannot be seen in what possible manner it could have worked prejudicially to the rights of appellant. [Harrington v. City of Sedalia, 98 Mo. 583.] We, therefore, hold there was no error in giving that instruction.''

The criticism of instruction numbered three is fully answered in our opinion in Wilbur v. Railroad, 110 Mo. App. 689.

We think the verdict was excessive. There were no broken bones. There was a bad sprain of the left thumb and a bruise over the left ear. Plaintiff was old and, of course, did not recover rapidly from these injuries which would have been of little consequence to a young person. There is evidence that a slight nervous shock followed the injury. Of course a person injured by the negligence of another is entitled to compensation for the actual damages sustained regardless of whether or not such injury would have been less serious to a younger person, but after giving plaintiff the benefit of every reasonable inference that may be drawn from the evidence in her favor, we think the verdict exceeded the maximum limit of her reasonable damages by $500. On condition that a remittitur of that amount be entered within ten days from the filing of this opinion the judgment will be affirmed; otherwise it will be reversed and the cause remanded. All concur.