## NAT SMALL, Respondent, v. POLAR WAVE ICE & FUEL COMPANY, Appellant.

### St. Louis Court of Appeals, December 31, 1913.

1. **MASTER AND SERVANT: Injury to Servant: Dual Capacity Doctrine.** The master's liability for injury to a servant, asserted on the ground of negligence of a servant occupying the dual capacity of fellow and superior servant, depends on the character of the act and not on the rank of the servant.

2. ———: ———: ———: **Concurring Negligence.** Where the negligence of the master, whether through the negligent act of a vice principal or otherwise, is combined with the negligent act of a fellow servant in producing an injury to a servant and the negligence of neither alone is the efficient cause thereof, the master is liable.

3. ———: ———: ———: **Negligence of Foreman: Liability of Master.** A foreman is the *alter ego* of the master, so that if the foreman orders a servant to perform an unusual task, disassociated from the latter's ordinary duties and involving dangers unknown to and unappreciated by him, and the foreman negligently inflicts injury upon him while he is attempting to carry out such order, the master is liable.

4. ———: ———: ———: **Vice Principal or Fellow Servant: Concurring Negligence.** Plaintiff was ordered by his foreman to assist the latter in letting down a heavy iron gate. While engaged in obeying this order, plaintiff's hand was caught under the gate, as a result of the foreman prematurely lowering his end. *Held,* that the undertaking not being one of ordinary common labor in which the servant and the foreman were engaged as co-laborers upon an equal footing, but a matter per-

taining to the foreman's duties, the latter was a vice principal, and the injury must be regarded as having been caused by the negligence of such vice principal in ordering the servant to perform an unusual task, outside the scope of his ordinary duties and involving more or less danger, without warning or instruction as to the latter, combined with his negligence in prematurely lowering his end of the appliance; and if the latter should be regarded as an act of a fellow servant (which is not decided), the master would nevertheless be liable, for, in that event, the injury would have come about through the combined negligence of the master and a fellow servant.

5. ———: ———: **Instructions: Broadening Issues.** In an action by a servant for injuries sustained by reason of the manner in which an appliance was used, where it was neither alleged nor proved that the appliance was in itself dangerous or unsafe, and the master's duty to furnish a safe place to work was not an issue, an instruction that it was the master's duty to furnish the servant with a reasonably safe place to work and authorizing a verdict on a finding that the appliance was dangerous or unsafe, was erroneous as being without the issues.

6. **INSTRUCTIONS: Broadening Issues.** The instructions must not broaden the issues made by the pleadings.

7. ———: **Not Supported by Evidence.** It is error to submit, as a predicate of liability, a matter which is not supported by any evidence, or which in no way gave rise to, or contributed to produce, the injury or loss for which a recovery is sought.

8. ———: **Not Predicated on Evidence: Referring to Pleadings.** An instruction, in an action for personal injuries, requiring the jury to find that plaintiff's fingers were injured "as set out in the petition," in order to return a verdict for him, was erroneous, since the instructions must be predicated on the proof and not on the pleadings.

Appeal from St. Louis City Circuit Court.—*Hon.*
*George H. Shields,* Judge.

REVERSED AND REMANDED.

*Igoe & Carroll* and *Wm. R. Gilbert* for appellant.

(1) The court erred in not sustaining the demurrer to the evidence, because both by the petition and evidence it is shown that the injury resulted not from any exercise of a foreman's authority, but the

act of the foreman in handling the apron—purely an act of a mere workman. English v. Shoe Co., 145 Mo. App. 439, 452; Stephens v. Lbr. Co., 110 Mo. App. 398, 404. The character of the act, and not the title of the actor, determines his relation to the injured servant; if the act be colabor, and not the exercise of delegated authority, there is no liability on master's part. English v. Shoe Co., 145 Mo. App. 439; Dickinson v. Jenkins, 144 Mo. App. 133. (2) The proximate cause of plaintiff's injury was not the direction of the foreman, but his act in dropping the apron, the act of a fellow servant. English v. Shoe Co., 145 Mo. App. 439. (3) The court erred in giving the recovery instruction for plaintiff. (a) This instruction founds liability on the following elements not pleaded, and not proven: Failure to furnish a reasonably safe place to work; an unsafe and dangerous gate or apron, to handle. Instructions cannot enlarge the case pleaded. Kellogg v. Kirksville, 132 Mo. App. 519. Other acts than those pleaded cannot be proven to have caused or contributed to the injury, or submitted to the jury. Kirkpatrick v. Railroad, 211 Mo. 68. (b) The jury are referred to the petition and required to find plaintiff's fingers were injured "as set out in the petition." The jury look to the instructions, not the pleadings, and references to the pleadings constitute error. Jordan v. Transit Co., 202 Mo. 418; Masterson v. Transit Co., 204 Mo. 507. (c) Neither the order to do the work, the place, nor the condition of the apron, under the evidence, could in any way cause the injury. The submission of issues which could not affect the result is error. Huston v. Railroad, 129 Mo. App. 576. (4) The court erred in giving the instruction on the measure of damages. (a) The evidence does not show what plaintiff's loss of time was, or the extent to which he is disabled from earinng a livelihood. If the evidence fails to show the loss an instruction submitting this item is error. Davidson v. Co., 211 Mo. 320;

Boyce v. Railroad, 120 Mo. App. 168; McNeil v. City, 153 Mo. App. 424. (b) The evidence does not show what part of the disability is due to the injury to the fingers and what part to the hand, and plaintiff elected to go to the jury solely on the injury to the fingers. (c) There is no evidence that the injury is permanent. When there is no evidence as to permanency of injuries the submission thereof to the jury is erroneous. Prendenville v. Transit Co., 128 Mo. App. 596.

*Wyrick & Eaken* for respondent.

ALLEN, J.—This is an action by plaintiff for personal injuries received by him while in the employ of the defendant. The suit was instituted before a justice of the peace, where plaintiff had judgment. Upon appeal to the circuit court, and a trial *de novo* there, plaintiff again prevailed, and the defendant has appealed to this court.

The statement filed before the justice of the peace avers, in substance, that upon the date in question, while plaintiff was in defendant's employ, the latter's foreman ordered plaintiff to assist him in letting down a large, heavy iron gate or apron, used to regulate the supply of coal in the boiler room of defendant's ice plant in and about which plaintiff was employed; that while so engaged, under the direction of the foreman, the latter negligently lowered one side of said gate or apron, without warning to plaintiff, etc., whereby plaintiff's right hand was caught and injured.

The evidence discloses that plaintiff's duties, as a servant of defendant, were entirely separate and apart from anything pertaining to the gate or apron in question, and that he had never had anything to do with the latter except upon the occasion when he was injured. It is not altogether clear from the testimony just what was the character of this appliance, but it

appears that it extended in front of a hopper, and was used to regulate the coal supply; that it customarily hung upon two hooks, and that it was necessary to remove it in order to make a certain examination of the boilers.

It appears that defendant's foreman, one Fuqua, called to plaintiff to assist him in letting down this gate or apron, which it is said was quite heavy; that the foreman had hold of a hook at one end of the appliance, and directed plaintiff to raise a like hook at the other end thereof, and assist in letting the apron down. It seems that plaintiff undertook to do this, but did not succeed in getting his end unhooked before the foreman let down the other end, whereby plaintiff's hand was in some manner caught in or under the apron and injured.

I. It is urged that the evidence adduced was insufficient to take the case to the jury, and that appellant's demurrer to the evidence should have been sustained. Appellant's argument on this score is based upon the theory that the evidence showed that plaintiff and Fuqua were, at the time, engaged in performing common labor, and that Fuqua's act in prematurely letting down his end of the apron was the mere negligence of a fellow servant, for which there could be no recovery. And in support of appellant's position in this regard we are cited to the rulings in English v. Shoe Co., 145 Mo. App. 439, 122 S. W. 747; Rodgers v. Schiele, 148 Mo. App. 53, 127 S. W. 618; Dickinson v. Jenkins, 144 Mo. App. 133, 128 S. W. 280; Stephens v. Lumber Co., 110 Mo. App. 398, 86 S. W. 481.

But we are not persuaded that the evidence adduced failed to show any right of recovery by plaintiff. It is quite true that "the doctrine is firmly established in this State, with respect to the master's liability asserted on the grounds of negligence in a servant occupying a dual capacity, to the effect that it is

the *character of the act,* and *not the rank* of the servant which determines the liability or nonliability in a given instance.'' [English v. Shoe Co., supra; Mertz. v. Rope Co., 174 Mo. App. 94, 156 S. W. 807, and authorities cited.] Nevertheless it is equally well settled that when the negligence of the master, whether through a negligent act of a vice principal or otherwise, is combined with the negligent act of a fellow servant in producing the injury, and the negligence of neither alone is the efficient cause thereof, the master is liable. [See Mertz v. Rope Co., supra, and authorities cited.]

The situation here was not such as was presented in the above mentioned cases upon which appellant relies. In English v. Shoe Co., supra, the injured servant and defendant's foreman regularly performed duties of a like character in working at a certain machine—though aside from such duties the foreman had certain authority over plaintiff and other employees. There the plaintiff's injury was caused purely by a negligent act of the foreman while working as a colaborer with plaintiff at the machine in question, and it was held that no exercise of any authority on his part in any way intervened.

In Rodgers v. Schiele, supra, the foreman and the injured servant reguarly worked together in cleaning certain brass plates, and it was held that the foreman's act in letting such a plate fall, whereby the servant assisting him was injured, was the act of a fellow servant and did not cast liability upon the master.

In Dickinson v. Jenkins, supra, a servant was injured by the fall of a timber from a pile of lumber, such fall resulting from the manner of piling the same. It appears that the method adopted was one in common use by the servant and his coemployees. The foreman, as a part of his usual duties, assisted in building the pile. It was held that the foreman's act in the premises was one of a fellow-servant, and plaintiff

could no more recover for his negligence than for that of any other coemployee.

In Stephens v. Lumber Co., supra, the servant was injured while unloading lumber from a car. It appears that the employee who was assisting with this work and whose negligence in prematurely releasing his end of a beam it is said caused the injury, was a traveling salesman for the master, who had been temporarily pressed into service to aid in the work of unloading cars. It was sought to show that he was in fact a foreman. Nevertheless it appeared that the work which both were performing at the time was mere common labor, and as plaintiff's injury was occasioned by the negligence of a fellow servant, he was not permitted to recover.

None of these cases are authority for denying a recovery to plaintiff in the instant case; nor are other cases of like character to which we might refer. The cause of action is very informally alleged in the statement filed, and the testimony respecting the pertinent facts is somewhat meagre. Nevertheless, it appears that the evidence tended to establish a cause of action in plaintiff's favor, and which proceeds upon the theory that it was negligence on the part of the foreman to order plaintiff to assist in lowering the apron, without warning of the danger which might attend the attempt to execute such order, or instruction as to how such danger might be avoided; and that such negligence was the negligence of the master, without which the injury would not have occurred.

The evidence tended to show that plaintiff's injury proximately resulted either from the negligence of the master alone, or that, because of the dual capacity of the foreman, it resulted from the negligence of the master combined with that of a fellow servant. It appears that plaintiff was a "coal passer," handling coal; that he had never had anything to do with the apron before, and had never seen it handled; that he worked in dif-

ferent parts of the building, and had never before happened to be present when the apron was lowered. Fuqua was in charge of this portion of the work of the master, and personally looked to the operation of the boilers and the generating of steam for the plant. And in this connection he had authority to give orders to the coal passers.

To lower the apron it seems that there was a hook to be unfastened at each end thereof, and it appears that plaintiff, in obedience to the foreman's order, was attempting to unfasten one of these hooks when the foreman lowered the other end of the apron, and plaintiff's hand was caught and injured. The matter was not one of ordinary common labor in which he and the foreman were engaged as colaborers upon an equal footing. It was a matter pertaining to the foreman's duties and was evidently an undertaking fraught with some danger to one unaccustomed to handling the appliance and ignorant of the manner in which it was operated.

The foreman is the *alter ego* of the master, and he may not order a servant to perform an unusual task, disassociated from the latter's ordinary duties, and which involves dangers unknown to and unappreciated by him, and then negligently inflict an injury upon such servant who is attempting to obey or carry out the order.

And it will not do to say that the manual act of lifting the apron was common labor in which plaintiff and Fuqua were engaged as colaborers and hence the injury was occasioned solely by the negligence of a fellow servant. The evidence shows quite clearly that there was more to be done than the mere manual act of lifting a heavy object, and the injury must at least be regarded as having been caused by the negligence of the vice principal in ordering the servant to perform what for him was an unusual task, outside the scope of his ordinary duties, and one involving more

or less danger, without warning or instruction as to the latter, combined with the foreman's negligence in prematurely lowering his end of the appliance. And should the latter be regarded as an act of a fellow servant—which we need not decide—the master is nevertheless liable, for in that event the injury comes about through the combined negligence of the master and that of a fellow servant, for which the master is liable. This question we have recently had occasion to consider in Mertz v. Rope Co., supra, and it is more fully discussed in cases which will be found there cited.

II.  It is urged that error inheres in the instruction given for plaintiff purporting to cover the case and directing a verdict for him in the event that the jury found certain facts. This assignment of error is well taken. The instruction, among other things, told the jury that "it was the duty of the defendant to furnish the plaintiff with a reasonably safe place to work," and authorized a verdict upon a finding, among other things, "that the said gate or apron was dangerous and unsafe."

The duty of the master to furnish a safe place to work was in no way an issue in the case. And it was not alleged nor was there any evidence to show that the gate or apron was in itself dangerous or unsafe; though danger might attend the execution of an order respecting the handling thereof by one in plaintiff's position, and under the circumstances appearing in evidence.

The instructions must not broaden the issues made by the pleadings. [See Kirkpatrick v. Railway, 211 Mo. 68, 109 S. W. 682; Kellogg v. Kirksville, 132 Mo. App. 519, 112 S. W. 296; Sinnamon v. Moore, 161 Mo. App. 168, 142 S. W. 494; Crayton v. Huntzinger, 163 Mo. App. 718, 147 S. W. 512; Gabriel v. Street Railway, 164 Mo. App. 56, 148 S. W. 168; Green v. United

Rys., 165 Mo. App. 14, 145 S. W. 861.]   And it is error to submit, as a predicate of liability, something which there is no evidence to support, or which in no way gave rise to or contributed to produce the injury or loss for which a recovery is sought.   [See Sallee v. McMurry, 113 Mo. App. 253, 88 S. W. 157; Houck v. Railway Co., 116 S. W. 559, 92 S. W. 738; Huston v. Railroad, 129 Mo. App. 576, 107 S. W. 1045; Shannon v. Abell, 155 S. W. 62; Kendrick v. Harris, 156 S. W. 490.]

And to submit matters which, under the evidence, could in no way have contributed to produce plaintiff's injury, is undoubtedly reversible error.   In Huston v. Railroad, supra, l. c. 586, it is said:

"We find that prejudicial error was committed by the learned trial judge in submitting to the jury the issue of whether the injury was caused in whole or in part by the failure of defendant to maintain and use a toggle on the machine.   The absence of this appliance did not and could not in any way have contributed to the injury.  .  .  .   In submitting this issue to the jury the court, in effect, declared that there were facts adduced by evidence from which the jury reasonably might infer that the absence of the toggle had a direct effect in the production of the injury.   A declaration of this character which is unsupported by substantial evidence must be presumed to have had some effect on the minds of the jury and, consequently, to have been prejudicial to the defendant."

Further error inheres to this instruction in that it requires the jury to find that plaintiff's fingers were injured "as set out in the petition."   Instructions should be predicated upon the pertinent facts in evidence (keeping within the scope of the pleadings), and should refer the jury to the evidence and not to the pleadings.   [See Bank v. Dowler, 163 Mo. App. l. c. 68, 145 S. W. 843, and cases there cited.]

III. Error is also assigned with respect to the instruction on the measure of damages, in view of the evidence pertaining to plaintiff's injury and loss. It is unnecessary to discuss this instruction, however, for the errors, if any, inhering therein, will doubtless not reappear upon another trial of the cause.

It is unnecessary to pass upon the sufficiency of the statement of the cause of action to sustain a judgment. It may be well, however, to call attention to the fact that it does not clearly appear that the pleading counts upon the foreman's negligence with respect to the order given under the circumstances above mentioned.

The judgment is reversed and the cause remanded, with leave to respondent to amend his statement of the cause of action, if so advised. *Reynolds, P. J.,* and *Nortoni, J.,* concur.