ARTHUR E. ENGLISH, by his Next Friend, Respondent, v. ROBERTS, JOHNSON & RAND SHOE COMPANY, Appellant.

St. Louis Court of Appeals, November 16, 1909.

1. **MASTER AND SERVANT: Negligence: Orders Given Servant.** The master, superior servant or vice-principal may give such usual and customary orders in and about the business he is prosecuting as are essential to induce a prompt and attentive discharge of the duties imposed by the contract of service, without breaking the obligation to exercise ordinary care for the safety of the servant.

2. ————: ————: **Order Directing Servant to Hurry.** A mere order to hurry or be quick in the performance of the labor is a usual and proper exercise of authority, and is not in and of itself negligence. Such an order is not negligence, unless it tends to subject the servant to a hazard not ordinarily incident to the employment, or operates to excite, distract or disconcert him to such an extent as to render him unable to exercise ordinary care for his own safety.

3. ————: ————: ————: **Causal Connection: Facts Stated.** Plaintiff was employed in a shoe factory to insert heels with his hands into a machine, and his superior servant's duty was to operate a pedal, which caused a plunger to descend and drive nails into the heel and thus affix it to the shoe. While plaintiff was inserting a heel for the purpose mentioned, the superior servant operated the pedal and caused the plunger to descend upon and injure plaintiff's hand. *Held*, there was no causal connection between an order given plaintiff by said superior servant to hurry with the work and plaintiff's injury, inasmuch as the injury befell him because his movement lagged, not because he was hurrying.

4. ————: ————: **Orders Given Servant by Superior Servant.** Where a servant is injured through the negligence of a superior servant in exercising the authority of the master, by negligently directing the performance of a dangerous task, a prima-facie ground of liability is established, provided the injured servant exercised due care for his own safety.

5. ————: ————: **Negligence of Superior Servant or Vice-Principal.** Where a servant is injured through the negligence of a superior servant or vice-principal in the performance of a manual act which inheres with the authority of the master, a ground of liability is prima facie shown.

6. ——: ——: Negligence of Superior Servant in Performing Common Task: Assumed Risk. Where two persons in the employ of a common master are working together in the performance of a common task, and the inferior servant is injured through the negligence of the superior servant in the performance of a mere manual act of service incident to the common employment, there is no liability for the hurt against the master.

7. ——: ——: Duty of Master to Furnish Safe Place Non-Delegable. It is an absolute duty of a master, which he cannot delegate, to furnish his employee a reasonably safe place in which to work.

8. ——: ——: Dual Capacity: Doctrine: Character of Act Determines Liability. It is the character of the act complained of, and not the rank of the servant that determines the master's liability for the acts of a servant occupying the dual capacity of a fellow and superior servant.

9. ——: ——: Non-Delegable Duties: Liability of Master. The master is liable for injury to a servant resulting from the neglect of, or negligent performance by, another servant of the master's non-delegable duty, where such servant is entrusted by the master with the performance of such duty; and the duty to furnish the servant a reasonably safe place to work, good and reasonable rules to govern the employment, competent fellow-servants, and direction and control of the work are some of such non-delegable duties.

10. ——: ——: Superior and Inferior Servants: Dual Capacity: Common Task. A servant injured by the acts of another occupying the dual capacity of superior and fellow-servant cannot recover against the master without showing the injury resulted from an act in the exercise of the authority of the master distinct from any manual act in the common employment, unless such act operated as a breach of a non-delegable duty of the master.

11. ——: ——: Fellow-Servants. The act of one occupying the dual capacity of superior and fellow-servant in prematurely starting a machine at which both he and plaintiff worked, resulting in plaintiff's injury, was in the capacity of fellow-servant for which the master is not liable.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

REVERSED.

*Merritt U. Hayden* for appellant.

(1) The court erred in overruling appellant's motion for an order requiring respondent to elect upon which cause of action, or specification of negligence, he would proceed to trial for the reason that the two causes of action, set up in respondent's petition, were inconsistent with each other. McDermott v. Railroad, 87 Mo. 285; Drolshagen v. Railroad, 186 Mo. 258; Behen v. Transit Co., 186 Mo. 430; Ennis v. Padgett, 122 Mo. App. 539. (2) The court erred in refusing to give the peremptory instruction asked by appellant at the close of respondent's evidence: (a) This instruction should have been given because there was no evidence showing, or tending to show, that Thien was a vice-principal. Labatt on Master and Servant, vol. 1, sec. 433, p. 1229; Moore v. Railroad, 85 Mo. 588; Miller v. Railroad, 109 Mo. 350; see authorities cited under (d) subdivision. (b) Even if Thien be held to have been a vice-principal, his remark to respondent to hurry cannot be termed an order which respondent was bound to obey. It was merely a suggestion and there was no negligence on the part of Thien in making it. Wood, Master and Servant, sec. 448, p. 886; Labatt, Master and Servant, secs. 437 and 438, pp. 1232, 1233 and 1235; Stephens v. Railroad, 86 Mo. 221; Ischer v. Bridge Co., 95 Mo. 261; Anderson v. Higgins, 122 Ill. App. 454; Herold v. Pfister, 92 Wis. 417; Ruchinsky v. French, 168 Mass. 68; Wanner v. Kindel, 4 Colo. App. 168; Coyne v. Railroad, 133 U. S. 370; Stephens v. Lumber Co., 110 Mo. App. 398. (c) The physical facts show that respondent was not injured while acting in obedience to the alleged order of Thien. Herold v. Pfister, 92 Wis. 417; Ruchinsky v. French, 168 Mass. 68; Wanner v. Kindel, 4 Colo. App. 168. (d) The proximate cause of respondent's injury was Thien's act in starting the machine in motion while respondent's hand was between the die and shank and in all acts connected with

the operation of the machine.   Thien and respondent
were fellow-servants.    Moore v. Railroad, 85 Mo. 588;
Miller v. Railroad, 109 Mo. 350; Hawk v. Lumber Co.,
166 Mo. 121; Richardson v. Mesker, 171 Mo. 666; Fo-
garty v. Transfer Co., 180 Mo. 504; Shaw v. Construc-
tion Co., 102 Mo. App. 666; Stephens v. Lumber Co.,
110 Mo. App. 398; Rigsby v. Oil Well  Supply Co.,
115 Mo. App. 297; Schneider v. Railroad, 117 Mo. App.
129; Smith v. Car and Foundry Co., 122 Mo. App. 610;
Anderson v. Higgins, 122 Ill. App. 454; Moore v. Cotton
Mills, 56 Southeastern 839; Doerr v. Daily News Pub.
Co., 106 N. W. 1044.   (e)   This instruction should have
been given because the testimony of respondent himself
clearly discloses a case of assumed risk.  2 Thompson
on Neg., 1008; Pauck v. Dressed Beef Co., 159 Mo. 467;
Roberts v. Telephone Co., 166 Mo. 370; Mathis v. Stock
Yards, 185 Mo. 434; Blundell v. Mfg. Co., 189 Mo. 552;
Rigsby v. Oil Well Supply Co., supra.   (3)   The court
erred in refusing to give the peremptory instruction
asked by appellant at the close of all the evidence. See
authorities cited under heading II.   (4)   The court
erred in giving the first instruction asked by
respondent, for the reason that a part of said instruc-
tion was contradictory of, and inconsistent with,
another part thereof; and for the further reason, that
said instruction was contradictory of, and inconsistent
with, instruction number 10, given at the instance of
appellant.   Bluedorn v. Railroad, 108 Mo. 439; Frank
v. Railroad, 57 Mo. App. 181; Modisett v. McPike, 74
Mo. 636.   (5)   The judgment should be reversed be-
cause the verdict is so excessive as to indicate that it
was the result of bias, prejudice and passion.   New-
comb v. Railroad, 182 Mo. 687.

*C. W. Rutledge* for respondent.

(1) (a) But one cause of action was stated in the
petition.   The allegation of negligence in defendant em-
ploying and retaining Thien in charge and control of

the machine and plaintiff was merely an enlargement on the cause of action stated, and if unnecessary and surplusage, should have been reached by a motion to strike out. (b) Where objection is not made until the trial is about to begin, if the petition is susceptible of a construction that will constitute a good pleading, it will be so construed. Drolshagen v. Railroad, 186 Mo. 258. (c) Even where two inconsistent causes of action are stated in the petition, and the motion to elect was overruled and jury instructed on both theories, but the verdict was on only one count, the error in overruling the motion to elect is not prejudicial. Drolshagen v. Railroad, 186 Mo. 258. (d) Where petition sets up negligence of vice-principal and fellow-servant as causing the injury in same count, and the jury is instructed on both theories, yet where the act of negligence was that of vice-principal, the instruction on fellow-servant theory was harmless. McDermott v. Railroad, 87 Mo. 285. (e) The cause of action was tried on the theory that Thien was a vice-principal; the court instructed the jury on that theory only; the court expressly instructed the jury that plaintiff could not recover if Thien injured him while acting as fellow-servant. Surely the motion to elect, if proper, was most effectually sustained at the close of the case. (f) An allegation in petition that master was negligent in retaining an incompetent foreman or vice-principal is proper. Stevens v. Railroad, 86 Mo. 221. (2) (a) The established doctrine in this State is that whether an employee is a vice-principal is not determined by his comparative rank or his authority to employ and discharge workmen, but is ascertained by determining whether or not he is entrusted by the master to direct or control a particular work. Smith v. Foundry Co., 122 Mo. App. 610; Moore v. Railroad, 85 Mo. 588. (b) If Thien had a discretion to exercise, controlling on the plaintiff in the performance of the particular work, he and plaintiff were not fellow-servants as to that

work. Fogarty v. Transfer Co., 180 Mo. 490; Moore v. Foundry Co., 85 Mo. 588; Miller v. Railroad, 109 Mo. 350; Hunt v. Desloge Co., 104 Mo. App. 377. (c) Where the act of negligence was due to the exercise of authority, the master is liable. And if the vice-principal had the power to decide how a thing should be done, the fact that he did it himself does not relieve the master. Fogarty v. Transfer Co., 180 Mo. 490; Devaney v. Iron Works, 4 Mo. App. 236; Gormley v. Iron Works, 61 Mo. 492; Hunt v. Desloge Co., 104 Mo. App. 377. (d) Where the servant occupies the dual capacity of vice-principal and fellow-servant, the question as to which capacity he occupied in connection with the injury and causing same is one for the jury. Fogarty v. Transfer Co., 180 Mo. 490; Smith v. Foundry Co., 122 Mo. App. 610. (e) The fact that Erskin was the superior over both Thein and plaintiff does not make them fellow-servants, as long as Thein had authority over the plaintiff in the particular wark. Smith v. Foundry Co., 122 Mo. App. 610; Bane v. Irwin, 172 Mo. 306; Rigsby v. Oil Well Co., 115 Mo. App. 297. (f) The proximate cause of the injury is not always the act which occurs last, or which does the injury. It is the act or order which causes the act or thing to be done which causes the injury. Moore v. Royal L. & Z. Co., 102 S. W. 616; Ruth v. Railroad, 70 Mo. App. 190; Labatt on Master and Servant, sec. 436, p. 1232. (3) (a) Assumption of risk must be pleaded to make it a defense. Rigsby v. Oil Well Co., 115 Mo. App. 297. (b) The servant has a right to assume his master will not send him into a place of danger without assuming the risks of doing so. Rigsby v. Oil Well Co., 115 Mo. App. 297; Hunt v. Desloge Co., 104 Mo. App. 377. (c) Where the negligence of the master caused the injury the risk is not assumed by the servant. Longree v. Mfg. Co., 120 Mo. App. 478; Harrod v. Hammond Co., 102 S. W. 637; Smith v. Foundry Co., 122 Mo. App. 610; Fogarty v. Transfer Co., 180 Mo. 490; Hunt v. Desloge

Co., 104 Mo. App. 377. (d) It is not an inference of law that a boy of plaintiff's age was aware of the danger in obeying the order to work as fast as required by Thein, but it is a question of fact for the jury under appropriate instructions. Dowling v. G. B. Allen & Co., 74 Mo. 13; Rigsby v. Oil Well Co., 115 Mo. App. 297. (e) The master is liable even where the negligent order is sure to produce an injury. Gormley v. Iron Works, 61 Mo. 492. (f) The danger must have been known, understood and appreciated; or, so obvious and glaring that a reasonably prudent person of the age, experience and capacity of plaintiff would have refused to obey the order. Harrod v. Hammond Packing Co., 102 S. W. 637; Rigsby v. Oil Co., 115 Mo. App. 297; Blundell v. Mfg. Co., 189 Mo. 552. (4) Where the evidence tends to support the plaintiff's case, and there is no error in the instructions, the judgment should be affirmed. Moore v. Royal L. & Z. Co., 102 S. W. 616; Pohlman v. Foundry Co., 100 S. W. 544. (5) The instruction given for plaintiff states the law fairly, clearly and fully. It was more favorable to defendant than need be. Fogarty v. Transfer Co., 180 Mo. 490.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries alleged to have been inflicted upon him through defendant's negligence while plaintiff was engaged in feeding a heeling machine in defendant's shoe factory. The plaintiff recovered and the defendant appeals.

It appears that the plaintiff was a boy about fifteen years of age. He had had several months' experience in feeding and operating a heeling machine in the defendant's and other shoe factories; that is, he had worked for a number of months with a machine identical with the one on which he was injured and was entirely familiar with the construction and mode of operation. He applied to the defendant's foreman for a position a day or two before he was injured and upon

being given employment was assigned to feed a machine in charge of and being operated by one Thein. Thein, too, was a boy of about the same age of the plaintiff. He had been engaged for a considerable period in operating the machine referred to and was entirely familiar therewith. There is no controversy in the case as to the competency of Thein. The evidence tends to prove that Thein, if not a vice-principal, was at least a superior servant of the defendant and as such had charge of the particular heeling machine mentioned and was given authority to direct the plaintiff where to work and how to work, etc.

The plaintiff was instructed to do what Thein bade him to do and to assist him in and about the operation of the machine in Thein's charge. The machine was an appliance for the purpose of affixing heels to shoes in the course of manufacture. It was the duty of Thein to operate this machine by placing his foot upon a pedal thereby causing a plunger to strike the heel of the shoe resting in the machine and thus drive the nails essential to affix the heel thereto. It was the plaintiff's duty to insert the heel into the machine with his hand. It appears that the two operated the machine together, each performing manual labor concurrently to that end.

While the plaintiff was in the act of inserting a shoe heel for the purpose mentioned, Thein, the superior servant, placed his foot upon the pedal and caused the plunger or hammer to descend upon the heel, which act resulted in crushing plaintiff's fingers between the heel and the sole of the shoe. A short time prior to receiving his injuries, the plaintiff informed Thein that he had been feeding a heeling machine at another factory and that they only heeled about eighteen cases of shoes per day where he had been working; that he was accustomed to feed a machine in heeling eighteen cases a day. Thein replied, substantially, that the plaintiff would be required to work faster than that as they were accustomed to heeling and turning out

sixty cases of shoes per day in defendant's factory. About five minutes before the plaintiff received his injury, Thein instructed him to hurry up with the work to the end that they might finish their task and go out and walk around awhile. This alleged order to hurry up, according to the plaintiff's testimony, was given about five minutes before the plaintiff was injured and he says that he was hurrying with the work when he received the injury mentioned.

The suit predicates, in part, upon the order of Thein to plaintiff to hurry up with the work and in part upon the fact that Thein negligently operated the machine at a rate of speed much faster than the plaintiff was accustomed to attend the same. The court refused to peremptorily direct a verdict for the defendant and referred the case to the jury under instructions permitting a recovery for plaintiff if the jury found that he was exercising due care on his part and that he received his injury through the negligence of Thein in ordering him to hurry up five minutes before his injury and in operating the machine more rapidly than the plaintiff was accustomed to work.

It is argued here on the part of the defendant that the evidence conclusively shows plaintiff received his injuries through the negligence of Thein in his capacity as a fellow-servant of the plaintiff by the manual act of starting the machine while the plaintiff was inserting a shoe heel, and that there is no evidence tending to show that plaintiff received his injury through the negligence of Thein, the superior servant, in respect to any of the absolute duties of the master. It is said, too, that, conceding Thein to have been the vice-principal, the mere order to hurry given five minutes before in no manner breached the obligation of the master to exercise ordinary care for the plaintiff's safety.

Now, as a general proposition, the master, the superior servant, or vice-principal, may give such usual and customary orders in and about the business he is

prosecuting and within the scope of the employment as are essential to induce a prompt and attentive discharge of the duties imposed by the contract of service without breaching the obligation to exercise ordinary care for the safety of the servant. A mere order to hurry or to be quick in the performance of labor in and of itself is not negligence. Such, generally speaking, is a usual and proper exercise of authority. [Coyne v. U. P. R. R. Co., 133 U. S. 370; Ruchinsky v. French, 168 Mass. 68; Herold v. Pfister, 92 Wis. 417.]

Indeed on this question the authorities go to the effect that a mere order to hurry up with the task is not negligence unless it tends to subject the party to an extraordinary hazard; that is, a hazard not ordinarily incident to the employment, or operates to excite, distract or disconcert the employee to such an extent as renders him unable to exercise due care for his own safety. [Sambos v. Cleveland, Cincinnati, etc., R. R. Co., 134 Mo. App. 460, 467; Saller v. Friedman Bros.' Shoe Co., 130 Mo. App. 712.]

Now there is not a word in the testimony of this case to the effect that the plaintiff became in the least excited, distracted or disconcerted on account of the order referred to and certainly nothing appears to the effect that his injury was received through any extraordinary hazard in the operation of the machine. Indeed, we are unable to perceive any causal connection whatever between the order to hurry with the work and the injury which plaintiff received five minutes thereafter. In truth, the injury befell him because his movement lagged and not because he was hurrying. Had he inserted the heels in the machine as fast as his co-employee, Thein, operated the same, the injury would not have occurred. Now, the rule of liability announced in the plaintiff's first instruction is to the effect that the defendant should be held to respond for the injury if Thein directed the operation of the machine *and operated said machine faster* than the jury might believe from the evidence

was safe to the plaintiff in performing his work. This rule seems to couple the fact that Thein, the superior servant, directed the operation of the machine and the the fact that he operated the machine faster than plaintiff was accustomed to work as equivalent elements of liability. We do not so understand the law with respect to those injuries which befall one servant through the negligent act of another servant occupying a dual status of employment and co-laboring with the injured party. There can be no doubt that the dual capacity doctrine obtains in this State and it is true that if one servant is injured through the negligence of a superior servant in exercising the authority of the master by negligently directing the performance of a dangerous task a prima-facie ground of liability may be established, provided the injured party exercised due care for his own safety. [Fogarty v. St. Louis Transfer Co., 180 Mo. 490; Bane v. Irwin, 172 Mo. 306; Rigsby v. Oil Well Supply Co., 115 Mo. App. 297.] And it is true, too, that where one servant is injured through the negligence of a superior servant or vice-principal in the performance of a manual act which inheres with the authority of the master, a ground of liability is prima facie shown. Such was the case of Fogarty v. Transfer Co., supra. However, where two persons in the employ of a common master are working together in the performance of a common task, as was the plaintiff and Thein here, and the inferior servant is injured through the negligence of the superior servant, in the performance of a mere manual act of service incident to the common employment, then no liability for the hurt obtains against the master, for the reason such is a risk ordinarily incident to the employment and such as is assumed. Such a risk is assumed in contemplation of law as within the contract of service. [Bane v. Irwin, 172 Mo. 306, 317.]

Indeed it is true there are cases in this State

145 App—29

which indicate that when a servant is injured by the
negligent manual act of the vice-principal engaged in
jointly performing labors with an inferior servant in-
cident to the common employment, the master may be
liable therefor.  Such are the cases of Dayharsh v. H.
& St. Jo. R. R., 103 Mo. 576; Hollweg v. Bell Tel. Co.,
195 Mo. 149.  Some of the language employed in the
opinions in these cases purports the doctrine of the
master's liability broader than obtains.  However,
when these cases are carefully scrutinized, they may be
reconciled with the established law on the subject by
reference to the doctrine of a reasonably safe place to
work.  For, it is one of the absolute duties of the master,
which he may not delegate, to furnish his servant  a
reasonably safe place in which to perform his labor.

In Fogarty v. St. Louis Transfer Co., supra, the
Supreme Court pointed out the fact that although the
language employed in the opinion in the  Dayharsh
case purported a broader ground of liability, the judg-
ment of the court therein should be hereafter treated
as resting on the doctrine of the safe place.  The same
may be said with respect to Hollweg v. Bell Tel. Co., as
was recently pointed out by Judge GOODE in McIntyre
v. Tebbetts, 140 Mo. App. 116, 120 S. W. 621.  Notwith-
standing what was said in those cases, the doctrine is
firmly established in this State, with respect to the mas-
ter's liability asserted on the grounds of negligence in a
servant occupying a dual capacity, to the effect that it is
the *character of the act* and *not the rank* of the servant
which determines the liability or non-liability in  a
given instance. [Fogarty v. Transfer Co., 180 Mo. 490;
Bane v. Irwin, 172 Mo. 306; Rigsby v. Oil Well Supply
Co., 115 Mo. App. 297; McIntyre v. Tebbetts, 140 Mo.
App. 116; Baltimore & Ohio R. R. v. Baugh, 149 U. S.
368.]

Of course, this doctrine is limited in its application
to those cases where there is no breach of a positive
duty on the part of the master.  There are certain non-

delegable duties which the master owes to the servant and if the servant is injured through the failure of the master to exercise ordinary care with respect to these duties, then liability obtains therefor, even though the neglect was that of a servant; that is to say, if the master entrusts the performance of any one or more of his non-delegable and non-assignable duties to a servant and such servant neglects the same, or through negligent performance of such non-delegable duties injures another, liability obtains against the master therefor irrespective of the character of the act, this for the reason that the duty is a positive personal and continuing duty resting upon the master which he may not shift or escape by delegation to another. [Baltimore & Ohio R. R. Co. v. Baugh, 149 U. S. 368.] See also a most instructive and lucid article on the subject by Judge John F. Dillon in 24 Am. Law Review, 175.

Among these non-delegable duties of the master is the duty to furnish the servant a reasonably safe place in which to work and reasonably safe appliances with which to work; good and reasonable rules to govern employment, competent fellow-servants, and, it seems, too, in Missouri, though not generally, the doctrine obtains to the effect that it is the personal non-delegable duty of the master to direct and control the work, and, therefore, if he gives one servant power and authority to direct other servants where to work and how to work and what to do in and about the work, the master thus commits to such servant the performance of an absolute non-delegable duty, which rests upon himself. [Miller v. R. R., 109 Mo. 357; Schroeder v. C. & A. R. R. Co., 108 Mo. 322.]

Therefore, the plaintiff is entitled to recover in this case only on its appearing that he received his injury as a result of the negligence of Thein, the superior servant, in exercising the authority of the master, separate and apart from the performance of the manual act of the common employment, unless such manual act

English v. Rand Shoe Co.

operated a breach of the non-delegable duty of the master. Now, there is no claim whatever to the effect that the place in which the parties were working was unsafe nor that the appliance was not reasonably sufficient for the purpose, nor that Thein was an incompetent servant. In other words, there is no pretense that any non-delegable duty of the master was breached by Thein other than that he gave a negligent order to hurry which, operating together with his manual act of placing his foot upon the pedal and starting the machine before the plaintiff had removed his hand therefrom, after inserting the heel, resulted in the injury. As to the order complained of, it is obviously not a negligent one, for nothing whatever appears to indicate that it either disconcerted, distracted or excited the plaintiff, nor that its performance entailed upon him an extraordinary hazard; that is, a hazard not ordinarily incident to the service. In truth, the order amounted to no more than a remark by Thein to his companion to hurry up so that they might complete the task and go out and walk around awhile. It therefore results that the plaintiff received his injury not as a result of a negligent order but, on the contrary, as a result of the manual act of Thein in placing his foot upon the pedal and prematurely starting the machine. This was an act of common service performed in his capacity as co-laborer with the plaintiff and as such was a risk ordinarily incident to the employment which the plaintiff assumed upon entering therein. The order referred to, even if negligent, was certainly not the proximate cause of the injury. In truth, we do not perceive that it contributed remotely to the plaintiff's injury.

The judgment should be reversed. All concur.