WILLIAM F. HENRY, Respondent, v. JOHN O'BRIEN BOILER WORKS COMPANY, Appellant.

Springfield Court of Appeals, December 5, 1910.

1. **PLEADING:** Negligence: Master and Servant: Dangerous Place to Work. In a suit for damages for personal injuries the petition alleged that the injury was the result of plaintiff's having to occupy a dangerous place on the order of a sheet iron-worker, whom plaintiff had been directed to obey, and that the sheet iron-worker knew, or by the exercise of ordinary care could have known, that the place in which plaintiff was ordered to stand to do his work was dangerous, *held*, that the allegations were sufficient under which to show that the sheet iron-worker was a vice-principal, and though it would have been better form to have alleged that the order was negligently given the statements were equivalent to an allegation of negligence, and the petition was good after verdict.

2. **MASTER AND SERVANT:** Negligence: Injury from Chipped Steel: Assumption of Risk. Plaintiff, a helper to a sheet iron-worker, was ordered to stand on one side of a sheet iron "breeching" which was standing on the floor, and was directed to hold a "header" against the sheet iron while the iron-worker stood on the other side and with a hammer and chisel chipped off the portion to be trimmed. While engaged in this work, a piece of iron chipped off, flew into plaintiff's eye and put it out. A recovery was sought on the grounds that the iron-worker was the vice-principal, and had negligently ordered plaintiff

to occupy a dangerous place.    The evidence is examined and *held*, that it failed to show plaintiff could have occupied a safer place and could have still properly done his work, and therefore plaintiff assumed the risk.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

REVERSED.

*Percy Werner* for appellant.

(1)   The duty of the master as to furnishing a safe place is this:   It is his duty to exercise ordinary care to furnish the employee a reasonably safe place in which the employee, by the exercise of ordinary care on his own part, can perform the work assigned him with a reasonable degree of safety to himself, subject only to the risks ordinarily incident to the employment. Ziegenmeyer v. Goetz Co., 113 Mo. App. 330; Goransson v. Mfg. Co., 186 Mo. 300; Purcell v. Shoe Co., 187 Mo. 276; Sutherland v. Lbr. Co., 130 S. W. 40; Spencer v. Bruner, 126 Mo. App. 101; Wendell v. Railroad, 100 Mo. App. 556; Livengood v. Lead & Zinc Co., 179 Mo. 238.   (2) There being nothing in the evidence to support the averments of the petition, and all the evidence on the point having been introduced by the plaintiff himself, the question is one of law for the court. Fletcher v. Railroad, 64 Mo. 488.   (3) The sheet iron-worker and plaintiff, his helper, were fellow-servants. English v. Shoe Co., 122 S. W. 747; Rodgers v. Schiele, 127 S. W. 618; Smith v. Light & Power Co., 128 S. W. 779; Dickerson v. Jenkins, 128 S. W. 281; McIntyre v. Tebbetts, 140 Mo. App. 116.

*Daniel Dillon* for respondent.

(1) Where a petition is not demurred to, and no objection to its sufficiency is made until after trial begun, every reasonable intendment will be made in favor of the petition. Smith v. Railroad, 129 Mo. App. 422; Nairn v. Railroad, 126 Mo. App. 711; State ex rel. v. Delaney, 122 Mo. App. 243; McKinney v. Northcutt, 114 Mo. App. 161; Dodge v. Coal & Coke Co., 115 Mo. App. 507. (2) That it is the duty of the master to furnish the servant a reasonably safe place to work and that the master cannot delegate this duty to any one else and escape liability is too well settled in this state to admit of discussion. Herdler v. Range Co., 136 Mo. 16; Hamman v. Coal & Coke Co., 145 Mo. 243; Doyle v. Trust Co., 140 Mo. 15; Koerner v. Car Co., 209 Mo. 160; Reichla v. Gruensfelder, 52 Mo. App. 57; Struebe v. Iron & F. Co., 85 Mo. App. 646; Irmer v. Brewing Co., 69 Mo. App. 24; Sambos v. Railroad, 134 Mo. App. 460; English v. Shoe Co., 122 S. W. 149; Burkhard v. Rope Co., 217 Mo. 482. (3) That the dual capacity doctrine is the law of this state is no longer a disputable question. Rigsby v. Oil Well Supply Co., 115 Mo. App. 313; Bane v. Irwin, 172 Mo. 318; Fogarty v. Transit Co., 180 Mo. 511; Holweg v. Telephone Co., 195 Mo. 149; Russ v. Railroad, 112 Mo. 52; Bien v. Transit Co., 108 Mo. App. 399; Miller v. Railroad, 109 Mo. 355. (4) The rule in Missouri is that the servant does not assume risks arising from the negligence of the master. Yongue v. Railroad, 133 Mo. App. 152; Mack v. Railroad, 125 Mo. App. 537; Obermeyer v. Chair Co., 120 Mo. App. 73; Cole v. Transit Co., 183 Mo. 94; Wendler v. Fur. Co., 165 Mo. 537; Curtis v. McNair, 173 Mo. 279; Kirby v. Coal & Coke Co., 127 Mo. App. 599; Stafford v. Adams, 113 Mo. App. 723; Butts v. Construction Co., 199 Mo. 286.

COX, J.—Action for damages for injuries received by plaintiff while in the employ of defendant as a sheet iron-worker's helper, caused by a piece of sheet iron or steel striking plaintiff in the eye as a result of which the eye was put out. Judgment for plaintiff for $3415, and defendant has appealed.

The errors assigned necessary to be noticed are: First, that the petition is insufficient to support the judgment; second, that a demurrer to the testimony should have been sustained.

The ground of plaintiff's cause of action is that the defendant had failed in its duty to furnish him a reasonably safe place to work. The allegations of the petition are, in substance, that plaintiff was employed by defendant corporation as a helper to a sheet iron-worker, and was directed to do such work as the sheet iron-worker, whose helper he was, should order him to do. That he was ordered by the sheet iron-worker to assume a position and stand in a place that was dangerous, and by reason thereof he was injured. That the sheet iron-worker who gave the order knew, or by the exercise of ordinary care could have known, that he was placing plaintiff in a position of danger.

The objection to this petition is that it does not allege that the acts of the sheet iron-worker were negligently done. The pleading would have been in better form had this been done. It is, however, the duty of the master to use ordinary care to furnish his servant a reasonably safe place to work, and the allegation that plaintiff was directed to obey the orders of the sheet iron-worker made the sheet iron-worker a vice-principal, and the master was, therefore, liable for his acts in ordering plaintiff where to stand and what to do. [Miller v. Missouri Pacific Ry. Co., 109 Mo. 350, 19 S. W. 58; English v. Roberts, J. & R. Shoe Co., 145 Mo. App. 439, 122 S. W. 747.] And since the petition alleged that the sheet iron-worker knew, or by the ex-

ercise of ordinary care, could have known that the place in which plaintiff was ordered to stand to do his work was a dangerous one, it was equivalent to an allegation that the order was negligently given, and we think the petition good after verdict.

It is next contended that the demurrer to the testimony should have been sustained. Plaintiff was a helper to a sheet iron-worker, and, at the time of the accident, they were engaged in chipping off a corner of what was called a "breeching." This breeching was made of sheet iron or sheet steel and was about three feet high, three feet long and one foot wide, and was used to connect the boiler and smoke stack. This breeching was standing on the floor, and plaintiff was directed to stand on one side and hold what was called a "header" against one side of the sheet iron while the sheet iron-worker stood on the other side, and with hammer and chisel chipped off the portion to be trimmed. While they were engaged in this work a piece of the iron chipped off and flew into the plaintiff's eye and put it out. If the sheet iron-worker, who was defendant's vice-principal, was negligent in directing plaintiff to stand in the position he occupied at the time of the accident then defendant is liable; otherwise, it is not. It is common knowledge that in work of this character particles of iron being chipped off are likely to fly and they will usually fly in the direction opposite that from which the chisel is struck. Hence it is apparent that if plaintiff could have been placed in a position where he would be out of danger, and at the same time where he could properly perform the work assigned to him, then it was the duty of the sheet iron-worker to have so placed him. If there were no safer place in which to place plaintiff, then the dangers resulting from the position in which he was placed were incident to the performance of the work, and were, under the law, assumed by plaintiff.

This is not a case in which negligence can be inferred from the fact of injury, but the burden was upon plaintiff to show the negligence of defendant's vice-principal in ordering him to work in the position in which he placed him. To do this plaintiff was required to show that he might, with reasonable care and prudence on the part of the vice-principal, have been placed in a more safe position than the one in which he was placed. This was not done. The only attempt in that direction is found in the testimony of one witness who said, in effect, that the sheet iron-worker could have had plaintiff lie down, or partly down, and turn his head away and hold the header with one hand. The physical facts show that this would have been impracticable. The breeching on which they were working was three feet high, three feet long and one foot wide. The header which plaintiff was required to hold against the sheet iron while it was being chipped was a piece of steel about twelve inches long and two inches thick, and it is apparent that if plaintiff had crouched down so that his head would have been below the top of the breaching he could not have held the header with one hand in the way it was required to be held.

A careful reading of this testimony has convinced us that the sheet iron-worker was not shown to have been guilty of negligence in placing plaintiff where he was placed, and as this was the only ground of negligence pleaded, the demurrer to the testimony should have been sustained. Judgment reversed. All concur.